May 26, 2006

The Honorable Anne E. Thompson
United States District Court
Clarkson F. Fisher Federal Building & U.S. Courthouse
402 East State Street, Room 4000
Trenton, New Jersey 08608

    Re:  United States v. Darius Fullmer
      Docket No. 04-00373-007

Dear Judge Thompson:

  Please accept this Letter Memorandum as the Sentencing Memo on behalf of Darius Fullmer.  I have not received a final Presentence Report, but due to time constraints I am submitting my Sentencing Memo at this point, and filing my objections to the draft Presentence Investigation Report submitted on May 9, 2006.  A copy was sent to Your Honor, along with all co-counsel.  I am incorporating the document, since I set forth information on my client as well as my position on the issue of damages.

  It is the position of counsel on behalf of Darius Fullmer, pursuant to 18 USC§ 3553 as well as the information contained within the draft Presentence Report that Darius Fullmer if sentenced by the Court should receive a term of probation.

  The draft Presentence Report indicates Mr. Fullmer has no criminal history points, and recommends that he be given a minor role reduction of two levels.  The offense for which he has been convicted (Count One) carries a offense base level of six (6), and with the Government having proved to the Jury an amount in excess of Ten Thousand ($10,000.00) Dollars, and additional four (4) levels can be added.  Mr. Fullmer's minor role reduction reduces the offense base level to eight (8), and it is the position of this counsel that is the point for this Court to review any additional factors under 18USC §3553 that may be applicable to the nature and circumstances of the offense and Mr. Fullmer's history and characteristics.

  Our Supreme Court has clearly spoken and proclaimed that the Federal Sentencing Guidelines are advisory.  Nevertheless, as an advisory document, Courts look at the criteria, and offense base level when making a determination whether or not a

sentence is a reasonable one under the situation and circumstances of both the nature and circumstances of the offense, and the history and characteristics of the individual.

The Court sat through and considered all of the information and circumstances of the offense, and is fully aware of the extremely minor role Mr. Fullmer was alleged to have in Court One of the indictment of which he was convicted. There can be no question his role was minimal at best, and that is so set out within the draft Presentence Report with a two (2) point reduction.

As to Mr. Fullmer, he is an individual who has no criminal history points, and one who has demonstrated his own personal characteristics, both by his long gainful employment as an Emergency Medical Technician, as well his commitment to his passion and cause in support of animal rights. Mr. Fullmer did work seven (7) years as an EMT, and the letters that were previously submitted are glowing as to his commitment in that capacity, which is one of a great service to the public. Mr. Fullmer's long term work as an Emergency Medical Technician has been suspended, due to the conviction in his case. His hope is to continue in his field both for the personal satisfaction and gain that he receives from the work, and to continue to assist others that are in need of emergency medical care.

Mr. Fullmer is also an individual who has demonstrated his character by his volunteer work over many, many years all the while holding gainful employment to be able to support himself. The correspondence that has previously been submitted to the Court and incorporated herein, is self-explanatory as to the type of individual Darius Fullmer is, has been and will always be.

When the Court reviews the factors under 18USC §3553 as to Mr. Fullmer, a sentence of probation would comply with both the protection to the public, as well as provide just punishment for the offense Mr. Fullmer stands accused of. When one looks at the Sentencing Guidelines for advice, Mr. Fullmer falls within a category that allows the Court to grant a term of probation. The Court has both the responsibility and authority to determine a reasonable sentence for Mr. Fullmer in light of what he was convicted of, and the type of person he is.

At bar, Mr. Fullmer stands convicted of an offense that carries a potential period of incarceration from zero (0) to three (3) years. It is understood the Government and the defense have a complete difference of opinion as to the amount of damages. The position on behalf of Mr. Fullmer was addressed in the objection to the draft Presentence Report, and has also been reviewed by other counsel, and all of those comments are incorporated herein as to the failure of the Government to claim any amount greater than Ten Thousand ($10,000.00) Dollars.

Regardless of the above, the Court as the final Arbitrator on the imposition of a sentence can make any determine that is fair, reasonable, and appropriate. In Mr. Fullmer's case, a reading of the Presentence Report, along with his extremely minimal role in this proceeding should all be taken into consideration with the final determination

that a probationary term is the correct sentence. Mr. Fullmer's suspension from his employment, which was seven (7) years of his young life's work, is a major set back, and penalty, and it is submitted the Court need not supply any other additional punishment, other than the ramifications of a conviction which have already been felt by Mr. Fullmer.

      Thank you for considering my comments, and as indicated I am incorporating the draft Presentence Report and making it part of this document for the purpose of the filing.

      Respectfully yours,


      Robert A. Obler

RAO:ca
cc:  Darius Fullmer
    Assistant United State Attorneys, Charles McKenna & Ricardo Solano
    All Defense Counsel
   (all electronically filed)(Judge Thompson mailed directly)

CERTIFICATION AS TO FILING AND SERVICE

I hereby certify that the original of the within Memorandum has been filed electronically with the Clerk of the United States District Court, and to all co-counsel and Assistant United States Attorneys on the attached list. A copy of has been served upon The Honorable Anne E. Thompson, United States District Judge, additionally to her chambers by mail.

s/s Carol A. Adzima_____  
Carol A. Adzima  
Secretary to Robert A. Obler

Dated: 5/26/06

**DEFENSE COUNSEL LIST – FOR ELECTRONIC FILING**

Andrew F. Erba, Esquire
Woodlands Falls Corporate Center
210 Lake Drive East
Suite 101
Cherry Hill, New Jersey 08002-1163

Charles McKenna, AUSA
Ricardo Solano, AUSA
970 Broad Street
Suite 700
Newark, New Jersey 07102

Hal Haveson, Esquire
194 Nassau Street
Princeton, New Jersey 08542
Attorney for Jacob Conroy

James R. Murphy, Esquire
947 State Road
Suite 205
Princeton, New Jersey 08540
Attorney for Joshua Harper

Bruce Throckmorton, Esquire
143 White Horse Avenue
Trenton, New Jersey 08610
Attorney for Andrew Stephanian

Robert Stahl, Esquire
220 St. Paul Street
Westfield, New Jersey 07090
Attorney for Kevin Kjonaas

H. Louis Sirkin, Esquire
Sirkin, Pinales & Schwartz, LLP
105 West Fourth Street
Suite 920
Cincinnati, Ohio 45202
Attorney for Lauren Gazzola

May 9, 2006

John A. Skorupa
United States Probation Officer
109 U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re: United States v. Fullmer
      Docket No. 04-00373-007

Dear Mr. Skorupa:

## **INTRODUCTION**

  I am in receipt of the draft Presentence Investigation Report on my client, Darius G. Fullmer. Pursuant to the standing Order of the District of New Jersey, I am forwarding to you within the required period of time my objections to the Report as it pertains to the material information, sentencing classification, guideline determination, as well as the general policy statements. I am also forwarding a copy of my objections directly to the Honorable Anne E. Thompson, United States District Judge, as well as all co-counsel and the Assistant United States Attorney, Charles McKenna. I am sending the information to all other counsel pursuant to the standing Order. It is also counsel's position due to the confidential nature of sentencing objections they are not being filed electronically.

  It is my intention to set forth all of my objections to the Report, pursuant to the standing Order, as well as Rule 32 of the Rules of Criminal Procedure. Pursuant to said Rule, I will attempt to set forth all of the disputed portions of the Presentence Report, as well as rely upon the objections to be made to the offense conduct sections 17 through 94, which will be part of the objections by co-counsel. I will confine my objections (under this section) to the paragraphs that deal with my client Mr. Fullmer only. Please be advised further based upon the objections being put forth, as well as my understanding as to what is to be proffered by co-counsel, I would assume pursuant to Rule 32(h)(3)(B) the Court will hold a hearing on any disputed portions, and make a ruling pursuant to this section for amendment to the Presentence Report.

  I wish to start off by indicating on Page 1 the listing of the offense is wrong, the maximum under 18 U.S.C. §43 is 3 years not 5. This, of course, impacts on the determination under the offense level computation set forth in Paragraphs 141 to 149, as well as the statutory provision set forth in Paragraph 188. In this regard, the

computations on Paragraphs 141 through 149 are mathematically incorrect, even assuming the increase level as it pertains to damages. (The damage determination will be discussed later, and is objected to).

There can be no question Mr. Fullmer has a great interest in an accurate and reliable Presentence Report, not only for the purpose of receiving a fair and reasonable sentence, but to insure the continued use of the Presentence Report as a basis of information is accurate and reliable. It is the position of Mr. Fullmer through counsel the entire Report from the attempted recitation of the offense conduct through the final determination of damages is erroneous. Therefore, it is our position the Report must be redrafted in light of not only the comments supplied herein, but those to be supplied by co-counsel as it pertains to the multitude of paragraphs dealing with the offense conduct.

## **OFFENSE CONDUCT**

In Mr. Fullmer's situation, the offense conduct makes reference to him in Paragraph No. 20, indicating he was affiliated with SHAC. This is an example of the drafter of the offense conduct setting forth information as if it equals a violation of the Federal Criminal Code which in the vast majority of instances it does not. Mr. Fullmer further objects to Paragraph 28 in which there is a conclusion by the writer that he "embarked on a campaign to enlist animal right activists to engage in activity meant to harm the business of HLS in any manner available". The grouping of Mr. Fullmer in this conclusionary sentence is inaccurate. The writer goes on in Paragraph 28 to indicate all the things the Defendants did, as if there was direct evidence to this activity, and that this activity in of itself was criminal, neither is correct.

Mr. Fullmer objects to Paragraph 29 in the conclusionary sentence by the writer that he presumably along with others conducted telephone and e-mail blitzes, faxes blitzes and computer blockades against HLS "in order to divert HLS employees from the regular work". Once again, this is inaccurate from a reading of the transcripts. Mr. Fullmer was convicted as a co-conspirator, but there was no evidence at all of any action by him in this regard, other than being found guilty as a co-conspirator to the overall conspiracy. The writer writes as if Mr. Fullmer committed some direct action as set forth in Paragraph 29, none of which was testified to during the course of the trial.

There is an objection to Paragraph No. 35 concerning the damages, but that will be dealt with in the specific section pertaining to a finding of any increase due to the amount.

Mr. Fullmer objects to the information supplied in Paragraph 83 pertaining to a demonstration at TP's home. The writer sets forth that Darius Fullmer was one of several people who appeared, shouted, cursed, and threatened the wife of "TP". The Government during the course of the trial submitted a video of the demonstration (which was prior to the time of the alleged conspiracy), and within the video Darius Fullmer is not seen shouting, cursing, or threatening any individual. In fact, Mr. Fullmer is

compliant and respectful at the time of the demonstration.   The conclusion drawn in Paragraph 83 as it pertains to Darius Fullmer is inaccurate.

## GUIDELINE ISSUES

Darius Fullmer contests Paragraph No. 6 as it pertains to the sixteen level increase based upon the amount of the loss which will be discussed under the final section of this objection letter.  As to Paragraph 139, Mr. Fullmer gave a complete narrative as to his work, his organization, and his commitment, in an open candid fashion at the time of his interview.  It is so noted in Paragraph 140 which indicates his cooperation during the interview.

## OFFENSE LEVEL COMPUTATION

Mr. Fullmer objects to the computation which is based upon a sixteen level increase since the amount of the damages are disputed, we concede only there was a finding by the jury of an amount over $10,000.00 which would allow a four level increase, thereby putting the base offense level at ten with a two level _decrease_ based upon the minor role, thereby having an adjusted offense level of eight (8).

## EMPLOYMENT RECORD – OFFENDER CHARACTERISTICS

Under the section of the draft Presentence Report dealing with Offender Characteristics, Mr. Fullmer has attached and is supplying to the Probation Department a series of letters.  There are two, one from a co-employee at the Rural Metro Ambulance Service, and is self-explanatory as to the quality of work Mr. Fullmer has done for the last four years, another is from a registered nurse as to his knowledge of Mr. Fullmer as a co-worker at the ambulance transport company.  Mr. Fullmer who worked for the Rural Metro Ambulance Service for four years has been suspended pending the final determination in the matter before this Court.

Mr. Fullmer has also submitted two letters from his present employer, The New Jersey Animal Rights Alliance, discussing his present employment and his past affiliation as a dedicated, committed, hardworking individual.  There is also a letter submitted by Dr. Brian Evans, which is self-explanatory as to his present and future interest in volunteering for a organization called "Philadelphia Cares".  As indicated, these letters are being submitted for inclusion within the final report.

## SENTENCING OPTIONS

Mr. Fullmer contests Paragraph 188 as to the maximum term pursuant to 18 U.S.C.§43, as well as Paragraph 189 as to the offense level, and submits he is entitled to a period of probation in light of Category 1 under Criminal History Points, and after the re-evaluation on the damage issue.

## **DAMAGES**

It is the position of Mr. Fullmer the Federal Sentencing Guideline Manual (used by the Probation Department) Section 2B 1.1 is not applicable to his conviction under 18 U.S.C. §43. Neither the Federal Sentencing Guideline, nor the application notes supply any situation or specifics that would allow a determination under the case at bar. All of the notes and Rules of construction are of a situation with an actual loss, or a reasonably foreseeable one that would allow a determination by the Court. In the case at bar, the situation by both the complete lack of information supplied by the Government, and the uniqueness of their theory does not equate to the Federal Sentencing Guideline 2B1.1, nor do any of the application notes give sufficient guidance to allow their use. Within the application notes, it is made clear under 3(A) that it is either actual loss, or the reasonably foreseeable pecuniary harm that results from the offense that is the triggering mechanism to allow the increase in the offense base level. A review of the application notes indicates none of the situations set forth are what were contained in the Government's case in the trial. Therefore, it is the position the Guideline Section does not apply, and the only additional points can be a finding under the Statute by the jury of over $10,000.00.

In the alternative, if the Court deems the Federal Sentencing Guideline Manual does apply (as guidance), it is the position of Mr. Fullmer the Court cannot assess any additional levels over four (4) for the $10,000.00 amount (as found by the jury) since there was not a scintilla of evidence presented as to an actual loss for a determination by the jury. For the Court to accept the blanket statements within the Presentence Report would be a violation of a jury finding which in the case at bar was not done. The case law under <u>Aprendi v. New Jersey</u> 530 U.S. 466(2000), indicates an increase is required to be a jury finding which was not done herein.

It is further suggested the testimony itself was completely "non-specific, non-detailed, and unsupported, and only given as approximate" (See Michaelson's testimony February 9, 2006, at Pages 185 to 187). In fact, the Government only had their witness give general statements concerning costs in areas of security, repairs, damage. There was not an actual figure given until the Government at Page 186 of the Transcript asked the witness to approximate the cost. Thereafter, the Government, at Page 187 asked for a total approximate cost, which was given in excess of one million dollars. At no time did the Government break-down, explain, produce or introduce any piece of evidence as to actual costs. Therefore, based upon the existing case law, it was the Government's responsibility, and it is submitted beyond a reasonable doubt, to have produced information and evidence for the jury to have made the determination. The Probation Report taking Mr. Fullmer from a probationary term to one of two and a half years incarceration has to be considered a violation of the doctrine of <u>Aprendi</u>. There is absolutely no way to determine from information and evidence what the amount is based upon, how it was determined, and whether or not it was even appropriate from the evidence presented at trial. Therefore, the Court cannot grant any increase to Mr.

Fullmer, based upon the record it has before it, which the Government was required to have found by the jury beyond a reasonable doubt.

In the alternative, if the Court deems the Guidelines are to be considered, and the Government did not have to have an interrogatory to the jury, it is the position of Mr. Fullmer that even under this scenario the Court cannot make a reasonable estimate of the loss.

It is required under Federal Sentencing Guideline 2B 1.1 as set forth in the application notes, the Court need only make a reasonable estimate of the loss. The notes indicate the Judge is the person in the unique position to assess the evidence, and estimate the loss based upon that <u>evidence</u> (emphasis added). See Application Note 3(C). Since at trial there was not a scintilla of evidence presented (regardless of the standard of proof), the Court cannot make any type of reasonable estimate of a loss without making nothing more than a guess. It was the Government that has placed the Court in this position by their total lack of production of any type of supportive evidence for what now is being claimed.

Mr. Fullmer cannot be placed in a position of being incarcerated based upon the Government's failure to produce, and their request that a witness only give an approximation.

The additional problems that arise from the Government's failure to allow the Court to determine a loss from the evidence, is that there are exclusions which are applicable which the Court cannot even take into consideration, since those costs were never supplied. One cost that is excluded is that amount incurred by victims who are aiding the Government in the prosecution. It was testified to by Mr. Bibbe that he spent time, not only following the various websites, but keeping the Government up to date on all that was occurring, as well as making suggestions and requests on how he could assist. This exclusion was never testified as to an amount, but the implication is clear there was an unusual amount of time spent in an attempt not only to aid the Government, but in their regular course of business.

The Court has been placed in an untenable position by the Government's failure to produce, and the request by the Probation Department to increase the offense level is completely without foundation, and cannot be accepted by the Court. It is Mr. Fullmer the Probation Department is indicating receives a substantial increase and his potential term goes from that of probation to one of substantial incarceration based upon an amorphous amount that was floated with not one piece of documentation.

## **CONCLUSION**

All of the above comments are in relation to the Presentence Report received on Darius Fullmer, and are intended to set forth all of his objections pursuant to the standing Order of the District.

Respectfully yours,


Robert A. Obler

RAO:ca
cc: Honorable Anne E. Thompson (w/enc.)
    Assistant United States Attorney Charles McKenna (w/enc.)
    Assistant United States Attorney Ricardo Solano
    All Defense Counsel
    Darius Fullmer